IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD GENE OCHOA,

      Petitioner,

v.                                      Civil Action No. 1:18cv16
                                      (Judge Kleeh)

WARDEN ENTZEL,

      Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On January 22, 2018, the *pro se* petitioner, Edward Gene Ochoa ("Ochoa"), an inmate then-incarcerated at FCI Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence imposed by the United States District Court for the Southern District of Texas. ECF No. 1. With his petition, Ochoa filed a motion to exceed the page limits. ECF No. 2. Pursuant to a Notice of Deficient Pleading, on January 25, 2018, Ochoa paid the five-dollar filing fee. ECF No. 5. By Order entered February 8, 2018, Ochoa's motion to exceed the page limits was granted. ECF No. 7. By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 14.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. Background[2]

---

[1] Ochoa is presently incarcerated at FCI Seagoville in Seagoville, Texas.

[2] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket in the United States District Court for the Southern District of Texas, available on PACER and all ECF Numbers are from that case. See United States v. Ochoa, 7:11cr317. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts

On May 6, 2011, in the United States District Court for the Southern District of Texas, Petitioner pled guilty to Count One of a one-count indictment, possession with intent to distribute a controlled substance, 500 grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.

At a December 13, 2011 sentencing hearing, Petitioner was deemed a career offender based on prior felony drug trafficking convictions as well as other convictions. ECF No. 48 at 4 - 5.  He was sentenced to a 188-month term of imprisonment, to run concurrent with any pending charges he then had at the state court level. Id. at 9.

On December 15, 2011, Petitioner filed a *pro se* notice of appeal. ECF No. 35. On March 5, 2012, the Fifth Circuit Court of Appeals dismissed the appeal for failure to prosecute. ECF No. 39. On March 29, 2012, Petitioner filed a motion with the Fifth Circuit, seeking to reopen the case. See United States v. Ochoa, (5th Cir.) (11-41374). By Order entered June 6, 2012, the Fifth Circuit denied the motion. Id. On June 15, 2012, Petitioner moved for reconsideration; by Order entered on June 19, 2012, the Fifth Circuit denied the motion for reconsideration. Id. On July 2, 2012, Ochoa filed a letter motion in the sentencing court for an out of time appeal. ECF No. 42.

On August 27, 2012, Petitioner filed a Motion under 28 U.S.C. § 2255, raising one claim, that defense counsel was ineffective for failing to perfect his appeal, after he advised counsel he wished to file a direct appeal. ECF No. 44.  On January 24, 2014, Petitioner moved for an evidentiary hearing on the issue. ECF No. 55. By Order entered July 24, 2015, counsel was appointed to Petitioner for the evidentiary hearing. ECF No. 58. After the August 18, 2015 evidentiary hearing on the issue of whether Petitioner had in fact directed defense counsel to file

---

"may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

an appeal on his behalf, the magistrate judge issued a September 2, 2015 Report and Recommendation ("R&R), recommending that the § 2255 be denied. By Order entered September 29, 2015, the R&R was adopted and the § 2255 was dismissed. ECF Nos. 65, 66. On May 23, 2016, Petitioner filed a notice of appeal. ECF No. 68. By Order entered September 26, 2016, the Fifth Circuit dismissed the appeal for lack of jurisdiction as untimely filed. ECF No. 77. On October 11, 2016, in the sentencing court, Petitioner moved to reopen the time to file an appeal. ECF No. 78. On March 31, 2017, Petitioner filed a motion in the Fifth Circuit Court of appeals to recall the mandate. See United States v. Ochoa, (5th Cir.)(16-40779). On April 10, 2017, the motion was denied. Id.

On September 18, 2017, Petitioner filed a Fed.R.Civ.P. 60(b) motion in the sentencing court, seeking relief from the final judgment in his § 2255 action. ECF No. 83. On September 25, 2017, an R&R was entered by the magistrate judge, *inter alia*, recommending that the motion to reopen the appeal of the § 2255 and the Rule 60(b) motion both be denied. ECF No. 85. Petitioner filed objections to the R&R on October 16, 2017 [ECF No. 86], and on August 16, 2018, filed a motion to supplement his Rule 60(b) motion. ECF No. 89. As of the date of entry of this R&R, that motion is still pending.

### III. The Petition

In his pending petition, Ochoa raises three grounds and arguing that his conviction was in violation of his Fourth, Fifth, and Sixth Amendment rights, because:

> 1) defense counsel was ineffective regarding his Fourth Amendment claims [ECF No. 1 at 5];
>
> 2) under Mathis,[3] he is actually innocent of the career offender enhancement [id. at 6; see also ECF No. 1-1 at  7]; and

---

[3] Mathis v. United States, 136 S.Ct. 2243 (2016). In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's

3) defense counsel's actions deprived him of a material adversarial process. ECF No. 1 at 6.

As relief, Ochoa requests that his conviction and/or sentence be vacated. Id. at 8.

Petitioner contends that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention because he "has been unable to present his claims via § 2255." Id. at 9. Attached to his memorandum in support is Ochoa's sworn declaration regarding his claims. ECF No. 1-2.

## IV. <u>Legal Standard</u>

### A. <u>Review of Petitions for Relief</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see</u> <u>also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. <u>*Pro Se* Litigants</u>

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial

---

burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990), and thus did not qualify as a crime of violence under the ACCA.

review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "[T]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

---

[5]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted,  establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> (1)  The date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in  violation of the Constitution or laws of the United States is removed, if the movant was  prevented from making a motion by such governmental action;
> (3)  the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on  collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

## V. **Analysis**

Here, although Ochoa asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. First, to the extent that Ochoa is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted,

violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

As noted *supra*, the remedy provided under § 2255 is not rendered inadequate and ineffective if a prisoner presents a claim in a § 2255 motion but was denied relief, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. See In re Vial, 115 F. 3d at 1194 n. 5. Section 2255(e) states that a § 2241 petition "shall not be entertained" if certain circumstances are present, "unless" another condition is present. 28 U.S.C. § 2255(e). See Wheeler, 886 F.3d at 425. Thus, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Wheeler at 425, *quoting* Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). To the contrary, a "plain reading of the phrase 'shall not entertain'" demonstrates that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Williams at 1339. Here, Ochoa's Grounds One and Three claims of ineffective assistance of counsel could and should have been raised on direct appeal or in his § 2255 motion.

As for Ochoa's argument that his procedural default of these claims should be excused, "because the [sole] ground he did raise [in his § 2255] was counsel's failure to file a notice [sic] of [direct] appeal . . . [t]his equally applies to his § 2255, so Ochoa believed when your issue is counsel's failure to file a notice of appeal is ready by itself, because the remedy would allow a direct appeal to occur[] and then a § 2255 if it were necessary for any other grounds." ECF No. 1-1 at 10. However, the undersigned notes that a careful review of the record of Petitioner's § 2255 proceedings, which included an affidavit from defense counsel and an evidentiary hearing, indicates that Petitioner's claims regarding counsel's failure to file a direct appeal on his behalf

were found to be inconsistent with the evidence of record, not credible, failed to meet the preponderance of the evidence standard, and failed to show prejudice. See R&R, Case No. 7:11cr317, S.D. Tex. ECF No. 64 at 7. Specifically, the magistrate judge noted that the credible evidence showed that "counsel helped Ochoa timely complete and file a *pro se* notice of appeal . . . [and] that Ochoa told counsel that he would be making other arrangements and getting another attorney for the appeal." Id. at 16. Further, the evidence showed that defense counsel "made it clear to Ochoa in advance that he did not do appellate work[.]" Id. at 17. Moreover, Ochoa's claims that he "kept assuming" defense counsel was representing him on direct appeal were simply not "persuasive or believable" in light of the multiple notices Ochoa received from the Fifth Circuit regarding the fact that he was not adequately prosecuting his *pro se* appeal. Id. Therefore, Ochoa's attempt to excuse his failure to raise these two additional claims of ineffective assistance of counsel in his § 2255 proceedings must fail; he is precluded by the savings clause from using § 2241 as a vehicle to do so here.

With respect to Ochoa's challenge to his career offender sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if  Ochoa met the first, second,[6] and third prongs of Wheeler, he

---

[6] Ochoa contends that pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to Ochoa's argument, district courts in this Circuit and elsewhere have held that Mathis does *not* represent a substantive change in the law. See, *e.g.*, Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv- 347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule."). Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were – just the facts ,which ACCA(so we have held, over and over) does not care about.

cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker,[7] when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[8] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified,

---

136 S.Ct. at 2557.

In short, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W.Va. Feb. 16, 2018), *report and recommendation adopted*, No. CV 1:17-03730, 2018 WL 1404279 (S.D. W.Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactively applicable on collateral review, so Walker cannot proceed under § 2241).

[7] United States v. Booker, 543 U.S. 220 (2005) (holding that the formerly-mandatory USSG, as they had been applied since 1987, violated the Sixth Amendment right to trial by jury.).

[8] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Ochoa was sentenced in 2011 under the post-Booker advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

In summary, because Ochoa cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this**

**Court, specific written objections**, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 17, 2020

/s/ Michael John Aloi

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

12