IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD GENE OCHOA,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　**Civ. Action No. 1:18-cv-16**
                                                                   **(Kleeh)**

**WARDEN ENTZEL,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 15]**

On January 22, 2018, the pro se Petitioner, Edward Gene Ochoa ("Petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence imposed by the United States District Court for the Southern District of Texas. [ECF No. 1]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On August 17, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the Petition without prejudice.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file

written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Petitioner accepted service of the R&R on August 26, 2020. [See ECF No. 16]. On September 4, 2020, Petitioner timely filed an objection that states in its entirety: "I Edward Ochoa Would like to Appeal this decision from Judge Kleeh. I don't have any money to pay for the filing fee. The District Court of Texas Southern part has granted me IFP status. If any other info is needed my address is [] . . . Thank You." [ECF No. 17].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730

(S.D. W. Va. 2009) (emphasis added) (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." <u>Williams v. New York State Div. of Parole</u>, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. <u>See</u> <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." <u>Mario</u>, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." <u>Id.</u>; <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b); LR PL P 12.

Because Petitioner's objection is general and lacks adequate specificity, it fails to merit <u>de</u> <u>novo</u> review from this Court, and therefore, the Court is under no obligation to conduct a <u>de</u> <u>novo</u> review as to any portion of the R&R. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 15]. The petition

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 15]**

is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. [ECF No. 1]. The Court **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter a separate judgment order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to Petitioner via certified mail, return receipt requested.

**DATED:** January 11, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE